UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN L. MARKOS, ET AL. v. WELLS FARGO BANK, N.A. | CASE NO. _____<br><br>UNDERLYING LITIGATION PENDING IN N.D. GEORGIA CASE NO. 1:15-cv-01156-LMM (N.D. GA.)<br><br>**CLASS ACTION** |

**MOTION TO QUASH AND FOR ENTRY OF PROTECTIVE ORDER**

# TABLE OF CONTENTS

I. JURISDICTION ................................................................................................................ 1

II. BACKGROUND ............................................................................................................... 1

III. EVIDENCE IN SUPPORT OF OBJECTOR'S MOTION ................................................ 2

IV. ARGUMENT & AUTHORITY ........................................................................................ 3

    A. Court should quash the subpoena duces tecum ................................................................. 3

    B. Court should enter a protective order limiting the scope of the deposition. ..................... 6

    C. Objectors serve as an important check on the conflicted interests in class action settlements........................................................................................................................... 8

V. CONCLUSION & PRAYER ........................................................................................... 11

# I. JURISDICTION

This is a Motion to Quash Deposition and Subpoena Duces Tecum pursuant to Federal Rule of Civil Procedure 45(d)(3) and Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c). This discovery dispute arises out of Plaintiffs' Subpoena to Testify to Wanda Yde and attached Rule 45 Supoena Duces Tecum to produce documents at her deposition on January 4, 2017 in Corpus Christi, Texas. Mr. Yde is an Objector in the class action styled *Steven L. Markos, et al. v. Wells Fargo Bank, N.A.*, 1:15-cv-01156-LMM pending before the United States District Court in the Northern District of Georgia.

Although the underlying litigation is pending in the United States District Court for the Northern District of Georgia, this motion is appropriately filed in the district where the discovery is sought. *See e.g.,* FED. R. CIV. P. 26(c) ("[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken"); FED. R. CIV. P. 30(d) ("motion may be filed in the court where the action is pending or the deposition is being taken"); FED. R. CIV. P. 45(c)(3) ("court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter"). Specifically, this motion is filed in the United States District Court, Southern District of Texas, Corpus Christi Division, because the deposition is scheduled to take place in Corpus Christi, Texas.

# II. BACKGROUND

The above class action was brought against Wells Fargo Bank, N.A. There is no dispute that Ms. Yde, the deponent, is a class member and therefore has standing to make an objection. Believing the settlement unfair to the class members and the requested attorneys' fees of $4.9

1

million excessive, Mr. Yde filed a timely objection in the Northern District of Georgia on November 25, 2016, in accordance with the procedures outlined by the notice provided to the class. (*See Exhibit 1*, Objection of Wanda Yde.)

On December 19, 2016, counsel for Ms. Yde accepted service of subpoena for a deposition in Corpus Christi on January 4, 2016 at 9:00 a.m. Attorneys at the Corpus Christi Law Firm of Huseman & Stewart, PLLC have been retained for the limited purpose of presenting Ms. Yde for deposition and making objections with regard to subpoena duces tecum. Attorney Christopher Bandas represents Ms. Yde and assisted her in preparing her objection.

The subpoena duces tecum seeks discovery of privileged communications between Ms. Yde and her attorney and other documents that are clearly not relevant to Ms. Yde's role as an objector in this lawsuit. (*Exhibit 2*, Notice of Deposition & Subpoena Duces Tecum.) Furthermore, in communications with Class Counsel Daniel M. Hutchinson regarding the scope of deposition, Mr. Hutchinson indicated the deposition would be four hours and cover topics similar to those covered in *Chambers v. Whirlpool Corp.*, Case No. 11-1733 (C.D. Cal.). (*See Exhibit 3*, Correspondence from Class Counsel & *Exhibit 4*, Objector Transcript from *Whirlpool*.)

Counsel for objector seeks to quash the deposition and subpoena duces tecum and requests an order from the Court limit the scope of both the subpoena duces tecum and deposition to only those issues which are relevant, non-privileged, and within the proper scope of discovery.

### III. EVIDENCE IN SUPPORT OF OBJECTOR'S MOTION

Objector's motion is supported by the following evidence, which is attached hereto and incorporated herein by reference:

  **Exhibit 1** Objection of Wanda Yde

  **Exhibit 2** Subpoena to Testify at a Deposition and Rule 45 Subpoena Duces Tecum

|  |  |
|---|---|
| **Exhibit 3** | Correspondence from Class Counsel regarding scope of deposition. |
| **Exhibit 4** | Objector Deposition Transcript, *Chambers v. Whirlpool Corp.*, Case No. 11-1733 (C.D. Cal.). |
| **Exhibit 5** | Attempts to Confer with Class Counsel Re Date of Deposition and Motion to Quash/Protective Order. |
| **Exhibit 6** | Docket Sheet, *In re Reebok Easytone Litigation*, 2012-000002, Southern District of Texas, Corpus Christi Division |

This motion is also supported by Objector's latest pleadings, and the other pleadings, discovery, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing or submission date, and the same are incorporated herein by reference.

## IV.     ARGUMENT & AUTHORITY

### A. COURT SHOULD QUASH THE SUBPOENA DUCES TECUM

Ms. Yde requests the Court quash the Subpoena to Testify at a Deposition in a Civil Action and attached Subpoena Duces Tecum to produce documents at her deposition.

Rule 45(d)(3)(A) provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . (i) fails to allow a reasonable time to comply; . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3). To determine whether the subpoena presents an undue burden, the Court must consider the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004).

3

Counsel for Ms. Yde accepted service of the subpoena on December 19, 2016 for deposition on January 4, 2017. Ms. Yde is a single, working mother. The Subpoena to Testify and Subpoena Duces Tecum do not allow Ms. Yde a reasonable time to comply, especially given the intervening holiday season. Request was made to class counsel to move deposition to a later date. Class counsel will not agree to move the deposition outside the first two weeks of January 2017. (*Exhibit 5*, Attempts to Confer with Class Counsel.) The Subpoena to Testify should be quashed because they do not allow reasonable time to comply and subject Ms. Yde to an undue burden.

The Subpoena Duces Tecum should also be quashed because it seeks discovery of privileged documents, presents an undue burden, and does not allow Ms. Yde a reasonable time to comply. The Subpoena Duces Tecum requests Ms. Yde produce the following documents at her deposition on January 4, 2017:

> 1. All communications between YOU and any other person regarding Plaintiffs' request for attorneys' fees, including all communications between YOU and attorney Christopher Bandas.
>
> 2. All appointment sheets, appointment books, appointment calendar, desk calendars, pocket calendars, desk diaries, electronic calendars, itineraries, travel vouchers, expense vouchers, travel expense reports, notes, agendas, minutes, telephone message slips, e-mails, telephone bills, or other evidence of the date and time of meetings or discussions among or between YOU and attorney Christopher Bandas.
>
> 3. All documents evidencing YOU engaging the services of attorney Christopher Bandas.
>
> 4. All documents evidencing any payments by attorney Christopher Bandas to YOU for this or any other litigation.
>
> 5. Documents sufficient to show any familial, professional, employment, or economic relationship between YOU and attorney Christopher Bandas.

(*Exhibit 2*, Notice of Deposition and Subpoena Duces Tecum.) The above documents are not relevant to Ms. Yde's standing as a as a class member or the basis of her objection. The requests

4

seek attorney-client communications, confidential personal information, or other protected matters. Furthermore, the documents subject Ms. Yde to an undue burden as they are not relevant to any claims or defenses, but are designed to intimidate and harass.

Communications between Ms. Yde and her attorneys are clearly privileged and not discoverable. The other documents requested are not relevant to any claims or defenses and potentially contain confidential personal information. Furthermore, to require Ms. Yde to produce electronic records, appointment books, diaries, and other personal records presents an invasion of privacy and undue burden.

Ms. Yde does not dispute class counsel can depose her and request documents relating to her standing as a class member and the basis of her objections (although Ms. Yde attached proof of her class membership to her objection and set forth in detail the basis of her objection). (Exhibit 1, Objection of Wanda Yde.) A subpoena seeking production of documents reasonably related to her standing as a class member would be appropriate. However, Ms. Yde objects the documents requested by Class Counsel are not relevant to any claim or defense plead in this litigation. *See* FED. R. CIV. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). Ms. Yde specifically objects to requests for documents regarding her communications or relationship with her attorney Chris Bandas, as such information is not relevant and privileged. Moreover, these requests subject Ms. Yde to an undue burden, as they are not related to any claim or defense, but designed to intimidate and harass.

Accordingly, Movant asks that this Court enter an order quashing or modifying the Rule 45 subpoena duces tecum requiring Ydes to produce certain documents at her deposition on January 4, 2017, as the requested documents are not related to Ms. Yde's standing as a as a class member or the basis of her objection, or any claim or defense; the requests seek attorney-client

5

communications, confidential personal information, or other protected matters; and the documents subject Ms. Yde to an undue burden as they are not relevant and the request is designed to intimidate and harass.

### B. COURT SHOULD ENTER A PROTECTIVE ORDER LIMITING THE SCOPE OF THE DEPOSITION.

Next, Ms. Yde requests the Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) limiting the time of her deposition to one hour or less and the scope of her deposition to (1) her standing as an objector, and (2) the basis of her objections. Ms. Yde would further request the Court forbid any inquiry into her relationship with her counsel, as these questions are not relevant to the parties' claims or defenses and are designed to intimidate and harass the witness.

Rule 26(c) provides that a party, or any person from whom discovery is sought may move for a protective order in the court for the district where the deposition will be taken.

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>     (A) forbidding the disclosure or discovery;
>
>     \* \* \*
>
>     (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
>     \* \* \*
>
>     (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;

FED. R. CIV. P. 26(c)(1).

Thus, under Federal Rule of Civil Procedure 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See Nieman v. Hale*, 3:12-CV-2433-L-BN, 2014 WL 4375669, at *1 (N.D. Tex. Sept.

4, 2014). "[T]he burden is upon [the party seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l,* 134 F.3d 302, 306 (5th Cir.1998) (citation omitted). Objector easily satisfies this burden.

In communications with Class Counsel Daniel M. Hutchinson regarding the scope of deposition, Mr. Hutchinson has indicated the deposition would be four hours and cover topics similar to those covered in *Chambers v. Whirlpool Corp.*, Case No. 11-1733 (C.D. Cal.). (*See Exhibit 3*, Correspondence from Class Counsel & *Exhibit 4*, Objector Transcript from *Whirlpool*.) Class counsel seeks to inquire, for instance, regarding whether courts have criticized her attorney, Chris Bandas, for unethical behavior or called him an extortionist (*Whirlpool* Dep. 50:7), questions about whether class counsel attorney's fees are reasonable under Lodestar method (*Whirlpool* Dep. 70–81), questions about Mr. Bandas' involvement in other class action lawsuits (*Whirlpool* Dep. 155–172), questions asserting that Objector's counsel committed forgery (*Whirlpool* Dep. 171:14), and other similar questions not relevant to the claims or defenses asserted, but targeted at demeaning Objector's counsel and attempting to intimidate and harass Ms. Yde into dropping her objection. These lines of questioning are not permissible discovery.

Objector seeks to limit the scope of the deposition to only those issues which are relevant, non-privileged, and within the proper scope of discovery. Virtually no Court has allowed a class action objector to be deposed longer than two (2) hours, and in the Corpus Christi Division, Magistrate Judge Ellington limited an objector deposition to 45 minutes. (*See Exhibit 6*, Docket Sheet, *In re Reebok*.) Furthermore, as many other courts have noted, discovery from absent class

7

members should be limited, and some courts have prohibited objector depositions altogether.[1]

Ms. Yde does not dispute class counsel can depose her on her standing as a class member and the basis of her objections (although Ms. Yde attached proof of her class membership to her objection and set forth in detail the basis of his objection). However, Ms. Yde would object to questions beyond this limited scope. In particular, Ms. Yde specifically objects to questions regarding her communications or relationship with her counsel, as such information is not relevant and privileged. Such questions are designed to intimidate Objector into withdrawing her legitimate objection.

In sum, there is good cause for the issuance of a protective order to prevent Ms. Yde from being subjected to annoyance, embarrassment, oppression, and undue burden or expense. FED. R. CIV. P. 26(c). Counsel thus respectfully requests this Court enter a protective order pursuant to Federal Rule of Civil Procedure 26(c) limiting the time of her deposition to one hour or less and the scope of her deposition to (1) her standing as an objector, and (2) the basis of her objections.

### C. OBJECTORS SERVE AS AN IMPORTANT CHECK ON THE CONFLICTED INTERESTS IN CLASS ACTION SETTLEMENTS.

It is no secret that the class action bar does not like objectors of any kind, whether

---

[1] Objectors are unnamed class members, and discovery of absent class members is inconsistent with Rule 23's purposes and should be only rarely permitted. *See, e.g., Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556-56 (11th Cir. 1986). "Courts have allowed discovery to be taken from unnamed class members . . . when the information requested is relevant to the decision of common questions, the discovery is tendered in good faith and not unduly burdensome or harassing, the discovery does not require expert, technical or legal assistance to respond, and is not available from the representative parties." *Boynton v. Headwaters, Inc.*, 2009 WL 3103161, No. 1-02-111-JPM-egb, at *1 (W.D. Tenn. Jan. 30, 2009). Specifically with respect to objectors with pending objections, Courts have questioned the need for depositions. *Cf. Trombley v. Bank of America Corp.*, 2011 WL 3740488, Civ. No. 08-cv-456-JD, at *5 (D.R.I. Aug. 24, 2011) (declining to order depositions and discovery of objectors). For example, in *Corpac v. Rubin & Rothman, LLC*, 2012 WL 2923514, No. 10-CV-4165, at *2 (E.D.N.Y. Jul. 18, 2012), the Court denied class counsel's request to depose the objector, reasoning that the Federal Rules of Civil Procedure require a "strong showing" of need to depose an absent class member, and that such a showing was absent where the bases for the objector's objections were clear.

8

represented by experienced objector's counsel or not. This does not, however, give them the right to use depositions as a platform to harass an Objector for bringing objectively valid and appropriate objections, nor to intimidate Objector in an effort to engineer the dismissal of valid objections before their merits can be reached.

Objectors are recognized as a vital check on the class action settlement process where the interests of the class are not always protected. As the Sixth Circuit explained:

> Class-action settlements are different from other settlements. The parties to an ordinary settlement bargain away only their own rights—which is why ordinary settlements do not require court approval. In contrast, class-action settlements affect not only the interests of the parties and counsel who negotiate them, but also the interests of unnamed class members who by definition are not present during the negotiations. And thus, there is always the danger that the parties and counsel will bargain away the interests of unnamed class members in order to maximize their own.

*In re Dry Max Pampers Litigation*, 724 F.3d 713, 715 (6th Cir 2013) ("*Pampers*")

In this setting, the defendant is indifferent as to the allocation of any settlement payments between the class and class counsel. *See, eg., Malchman v. Davis*, 761 F.2d 893, 908 (2d Cir. 1985) (Jon O. Newman, concurring), *cert. denied*, 475 U.S. 1143 (1986); *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717–18 (6th Cir. 2013). Rather, the settling defendant only cares about its total settlement payments and keeping them as low as possible. *In re Southwest Voucher Litigation*, 799 F.3d 701, 712 (7th Cir. 2015); *Piambino v. Bailey*, 757 F.2d 1112, 1139 (11th Cir. 1985) ("*Piambino II*").

At the same time, class counsel has a natural incentive to enrich itself at the expense of the unnamed members of the class. *See Southwest Voucher*, 799 F.3d at 712 ("[j]udicial scrutiny of class action fee awards and class settlements more generally is based on the assumption that class counsel behave as economically rational actors who seek to serve their own interests first and

9

foremost"). For these reasons, "trial judges bear the important responsibility of protecting absent class members, and must be assur[ed] that the settlement represents adequate compensation for the release of the class claims." *Sullivan v. DB Invs., Inc.*, 667 F.3d 273, 319 (3d Cir. 2011).

Objectors also protect the rights of class members. "[C]lass action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class; and given the role of such interlopers in preventing cozy deals that favor class lawyers and defendants at the expense of class members, their requests for fees must not be slighted." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.). "Objectors can encourage scrutiny of a proposed settlement and identify areas that need improvement. They can provide important information regarding the fairness, adequacy, and reasonableness of the settlement terms." *Pallister v. Blue Cross and Blue Shield of Montana*, 285 P.3d 562, 568 (Mont. 2012). "Objectors can also "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants." *UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 236 (10th Cir. 2009) (citation omitted); *see also* 2003 Committee Note, Rule 23(h) ("In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as . . . attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel").

Further, while Class Counsel may have disdain for Objector's attorney, it should be noted that Mr. Bandas' clients have prevailed many times in defeating unfair settlements. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is reversed and the case remanded for further proceedings"); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013) ("We vacate the District Court's orders approving settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs

because this award was based on the now-vacated settlement"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings"); *Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014) (in a case in which Mr. Bandas represented the objector in the lower court, the "the order granting final approval of the settlement must be reversed").

Even in a recent appeal in which Objector's counsel represented an objector who lost, the Third Circuit nevertheless commended the objectors as "well-intentioned in making thoughtful arguments against certification of the class and approval of this settlement. . . . They aim to ensure that the claims of retired players are not given up in exchange for anything less than a generous settlement agreement. . . ." *In re Natl. Football League Players Concussion Injury Litig.*, 15-2206, 2016 WL 1552205, at *29 (3d Cir. Apr. 18, 2016).

The fact that Class Counsel do not like Objector or her attorney, or objectors generally, is no excuse for abusive conduct in violation of the discovery rules.

## V. CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Objector Wanda Yde respectfully prays for the following relief:

a. That this Court enter an order quashing Plaintiffs' Subpoena to Testify at a Deposition in a Civil Action;

b. That this Court enter an order quashing or modifying the Rule 45 Subpoena to Objector Wanda Ydes (Subpoena Duces Tecum) requiring Ms. Ydes to produce certain documents at her deposition on January 4, 2017, as the requested documents are not relevant to Ms. Yde's standing as a as a class member or the basis of her objection; the requests seek attorney-client communications, confidential personal information, or other protected matters; and the documents subject Ms. Yde to an undue burden as they are not relevant and the request is designed to intimidate and harass;

c. That this Court enter a protective order pursuant to Federal Rule of Civil

11

Procedure 26(c) limiting the time of her deposition to one hour or less and the scope of her deposition to (1) her standing as an objector, and (2) the basis of her objections; and

d.      For such other and further relief to which Objector may show herself justly entitled.

DATED: December 23, 2016        Respectfully submitted,

                                     /s/ John Swallow /s/
                                     VAN HUSEMAN
                                     State Bar No. 1032350
                                     ERIC STEWART
                                     State Bar No. 24058133
                                     JOHN SWALLOW
                                     State Bar No. 24085611

## CERTIFICATE OF CONFERENCE

The movant has in good faith conferred or attempted to confer with Class Counsel and they cannot agree about the disposition of this motion. Ms. Yde's counsel in this matter of the law offices of Huseman & Stewart, PLLC sent a letter to Mr. Hutchinson on December 22, 2016, requesting Mr. Hutchinson advise counsel if they intended to proceed with deposition and subpoena duces tecum in the manner set forth. Plaintiffs' counsel intends to proceed as planned, and an agreement could not be reached. (*See Exhibit 6*, attached hereto.)

/s/ John Swallow /s/
**JOHN SWALLOW**

## CERTIFICATE OF SERVICE

The undersigned certifies that today he filed the foregoing objection and associated declarations on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: December 23, 2016

/s/ John Swallow /s/
**JOHN SWALLOW**