# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### CORPUS CHRISTI DIVISION

| | |
|---|---|
| STEVEN L. MARKOS, ET AL. v. WELLS FARGO BANK, N.A. | CASE NO. 2:16-MC-01398 |
| | UNDERLYING LITIGATION PENDING IN N.D. GEORGIA CASE NO. 1:15-cv-01156-lmm (N.D. GA.) |
| | **CLASS ACTION** |

## REPLY IN SUPPORT OF MOTION TO QUASH AND FOR ENTRY OF PROTECTIVE ORDER

# Table of Contents

INTRODUCTION ................................................................................................................1

STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT .....................3

SHORT STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING .....3

SUMMARY OF THE ARGUMENT ...................................................................................4

ARGUMENT ......................................................................................................................5

   I.   This District Does Not Authorize the Scope or Length of the Objector Deposition Sought by Class Counsel ...........................................................................................5

   II.  This Court Should Not Transfer the Motion ...................................................8

   III.   Ms Yde's Objection is Meritorious and Class Counsel Give this Court No Reason, Apart from Misleading Ad Hominem Attacks, to Conclude Otherwise. ...............8

   IV.   Class Counsels' Character Assassinations, Premised on False Assertions to this Court, are Not a Basis for Allowing Unfettered Discovery........................................9

   V.   Mr. Bandas did Not "Ghostwrite" Ms. Yde's Objection, and His Assistance to a Pro Se Objector was Proper. ...................................................................................14

CONCLUSION ...............................................................................................................16

## Table of Citations

**Cases**

*Blackie v. Barrack,* 524 F .2d 891 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976) ........................7

*Blessing v. Sirius XM Radio, Inc.,* 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011)................................................................................................................. 12

*Campbell v. Pricewaterhouse Coopers, LLP,* CIV S06-2376 LKK/GGH, 2009 WL 530308, at *1 (E.D. Cal. Mar. 3, 2009)..............................................................................................................6

*Campbell v. Stores,* LACV1207794JAKSHX, 2014 WL 12591798, at *4 (C.D. Cal. May 12, 2014) ..........................................................................................................................................5

*Chambers v. Whirlpool Corp.,* CV111733FMOJCGX, 2016 WL 5922456 (C.D. Cal. Oct. 11, 2016), judgment entered, SACV111733FMOMLGX, 2016 WL 5921765 (C.D. Cal. Oct. 11, 2016)......................................................................................................................................9

*Chambers v. Whirlpool,* 8:11-cv-01733, ECF Doc. 382, Exhibit 1. (C.D. Cal., Dec. 22, 2016) . 10

*Clark v. Universal Builders, Inc.,* 501 F.2d 324, 341 (7th Cir. 1974)................................................5

*County of Suffolk v. Long Island Lighting Co.,* 907 F.2d 1295 (2d Cir. 1990) ................................. 13

*Dennis v. Kellogg Co.,* 697 F.3d 858 (9th Cir. 2012) .................................................................. 2, 13

*Duncan v. JP Morgan Chase Bank, N.A.,* 5:14-cv-00912, ECF Doc. 36 (S. D. Tex.) ................. 13

*Edward Schwartz v. Avis Budget Group, Inc.,* 2:16-MC-0519, ECF Doc. 9 (May 18, 2016) ...........6

*Eubank v. Pella Corp.,* 753 F.3d 718 (7th Cir. 2014) ............................................................... 2, 12

*Frankenstein v. McCrory Corp.,* 425 F.Supp. 762, 767 (S.D.N.Y. 1977) ........................................ 13

*Howes v. Atkins,* 668 F.Supp. 1021 (E.D.Ky. 1987) ...................................................................... 13

*In re Air Cargo Shipping Svcs. Antitrust Litig.,* 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010) ..................................................................................................... 12

*In re Baby Products Antitrust Litig.,* 708 F.3d 163 (3d Cir. 2013) ................................................ 2, 12

*In re Cathode Ray Tube Antitrust Litig.,* 281 F.R.D. 531 (N.D. Cal. 2012)......................................6

*In re Domestic Air Transp. Antitrust Litg ..,* 148 F.R.D. 257 (N.D.Ga. 1993) .............................. 13

*In re Ellingson*, 230 B.R. 426, 435 n.12 (Bankr. D. Mont. 1999) .................................................. 14

*In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010) .................................................................................................. 12

*In re Reebok Easytone Litigation*, 2:12-mc-00002, ECF Doc. 2 (S.D. Tex. Jan. 7, 2012)................6

*In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741 (7th Cir. 2011)................................................ 11

*JPMorgan Chase Bank*, No. SA-14-CA-00912-FB, Docs. 85, 93, 94 (W.D. Tex. June 20, 2016) .................................................................................................................................................... 13

*Kline v. First Western Gov't Sec.*, No. Civ–A–83–1076, 1996 WL 122717 at *1 (E.D. Pa. Mar. 11, 1996)..............................................................................................................................................5

*Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328 (Cal. App. 2d Dist. 2014), .... 2, 13

*Moreno v. Autozone, Inc.*, 2007 WL 2288165, *1 (N.D. Cal. Aug. 3, 2007)....................................7

*True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052 (C.D. Cal. 2010) .......................... 2, 11

*U, Bowling v. Pfizer, Inc.*, 922 F.Supp. 1261, 1285 (S.D. Ohio), *aff'd*, 102 F.3d 777 (6th Cir. 1996) .................................................................................................................................................. 13

*UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232 (10th Cir. 2009).................................................................................................................... 2, 11

## Statutes

47 U.S.C. § 227.......................................................................................................................................3

## Rules

FED. R. CIV. P. 45 ......................................................................................................................... 1, 3, 8

FED. R. CIV. P. 26......................................................................................................................... 1, 3

## Other Authorities

ABA Standing Committee on Ethics and Professional Responsibility, Formal Opinion 07-446 (May 5, 2007) .................................................................................................................... 14, 15

8 Charles A. Wright, et al., *Federal Practice and Procedure* § 2171 (2d ed. 1994)..............................6

Paula Frederick, *The Ethics of Ghostwriting Pleadings*, 13 Ga. B. J. 46 (2007) .............................. 15

iii

## INTRODUCTION

Ms. Yde urges this Court, which sits in the district where compliance with the subpoena is required, to protect her from undue burden and harassment.  FED. R. CIV. P. 26(c); 45(d)(3).  Class counsel unapologetically make her attorney, and their false narrative of his prior representation of class members, the primary subject of their subpoena duces tecum and a January 4, 2017 deposition.  The goal is to drive a wedge between Ms. Yde and her counsel Christopher Bandas and to intimidate Ms. Yde into dropping her legitimate objection to the class action settlement.  The reason this is so important to class counsel is they stand to suffer a significant reduction of the $4.9 million in attorneys' fees they seek in the proposed class action settlement if Ms. Yde's objection is sustained.

Class counsels' response does not identify how Ms. Yde's objection to their fees is frivolous or a "stock objection" in any respect.  This is because it is not.  Her twenty-page objection painstakingly details how class counsels' $4.9 million fee request in the TCPA settlement exceeds permissible recovery for attorneys' fees in the Eleventh Circuit, and in the Northern District of Georgia in particular.[1]

Instead, class counsels' stock response is to label Mr. Bandas a "serial objector" and claim he is only out to "extort payment from plaintiffs' counsel."[2]  What truly exposes the motive behind class counsels' abusive discovery (which is to protect their $4.9 million in attorneys' fees) is the *considerable* liberties they take in their account of other cases involving

---

[1] *See* Exhibit 4 to Motion to Quash, Objection of Wanda Yde, *passim.*

[2] Response to Motion to Quash, at 6.

1

Mr. Bandas, in some places stating outright falsehoods.[3]  Class counsels' *ad hominem* attacks have no place in this District, much less ones that are patently false.

Of course, some courts, and obviously class counsel, have taken issue with objectors and their attorneys; yet, others have recognized the essential role they play in the approval process of class action settlements.  *UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 236 (10th Cir. 2009) (citation omitted) (objectors "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants").  In fact, as with every case in which he represents an objecting class member, Mr. Bandas seeks to improve the settlement for the benefit of his client.  And, as the motion to quash observed, his clients have often been successful.  *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012); *Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014).  The fact that Mr. Bandas did not serve as lead counsel (and was one of multiple appellants) in some of the cases does not diminish these accomplishments.

More importantly, whether he has succeeded or failed in the past is of no consequence to this case.  Mr. Bandas' representation of objectors in other class actions "has no greater bearing on the merits of the objection raised [in this class action] than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings."  *True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052, 1079 (C.D. Cal. 2010).

---

[3] *See infra*, Section IV (correcting class counsels' numerous false representations).

The only relevant matters are Ms. Yde's standing as a class member and her objection to class counsels' attorneys' fees. Class counsels' character assassination of Mr. Bandas is not relevant, and does nothing to justify their abusive discovery.

## STATEMENT OF THE ISSUES TO BE RULED UPON BY THE COURT

The issues before this Court include whether, under FED. R. CIV. P. 45(d)(3), this Court should quash or modify a subpoena duces tecum and oral deposition which seeks irrelevant and unduly burdensome material from an objecting class member to a class action settlement, which is sought for the sole purpose of harassment. Additionally, Ms. Yde's motion raises the question of whether this Court should enter a protective order pursuant to FED. R. CIV. P. 26(c) limiting the length and scope of her deposition, including that her deposition be one hour and limited to the subjects of (1) her standing as an objecting class member and (2) the bases of her objections.

## SHORT STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

The underlying proceeding is a class action lawsuit brought in the Northern District of Georgia against Wells Fargo Bank, N.A. based on violations of the Telephone Consumer Protection Act. 47 U.S.C. § 227.[4]  The parties reached a settlement, and notice was issued to class members allowing for objection to the settlement and class counsels' request of $4.9 million in attorneys' fees.[5]  The district court entered a preliminary order approving the

---

[4] Class Action Complaint, Case No. 15-1156, ECF Doc. 1 (N.D. Ga.).

[5] Memorandum in Support of Class Counsel's Motion for an Award of Attorneys' Fees, Costs, and Service Awards for Class Representatives, Case No. ECF Doc. 51-1, at 6 (N.D. Ga.).

3

settlement, specifically providing that "[t]he Parties will have the right to depose any objector to assess whether the objector has standing."[6]

Ms. Yde filed a timely and detailed objection to class counsels' request for fees, which is excessive and not in the best interests of the class.[7]  Class counsel met her objection with a subpoena duces tecum and subpoena for oral deposition in which they seek to question her not just about her standing as an objector, but additionally concerning "the nature of her relationship with Mr. Bandas, her understanding of his history and practice, any promises he made to her with respect to her objecting, and her awareness of her individual tax consequences for sums Mr. Bandas might receive."[8]  The place for compliance with the subpoena is Corpus Christi, Texas.[9]

## SUMMARY OF THE ARGUMENT

There is simply no legitimate basis for allowing the discovery sought of Ms. Yde here. The Northern District appropriately limited discovery of objectors to standing.  Yet, class counsel seek to delve into, among other improper subjects, the relationship between Ms. Yde and her attorney.  Their basis for doing so is a series of misleading and factually inaccurate *ad hominem* attacks against him.  The law in this district does not allow this sort of abusive discovery from objecting class members.  This Court should quash or modify the

---

[6] Amended Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing, 1:15-cv-01156, ECF Doc. 47 (Sept. 7, 2016).

[7] Exhibit 4 to Motion to Quash, Objection of Wanda Yde, *passim*.

[8] Plaintiffs'/Respondents' Opposition to Wanda Yde's Motion to Quash and for Protective Order, at 5–6.

[9] Exhibit 2 to Motion to Quash, Subpoena.

deposition and subpoena duces tecum and limit the deposition to no more than one hour and to the issues of (1) standing and (2) the bases of Ms. Yde's objections to class counsels' fees. The Court should not transfer the discovery issue to the Northern District of Georgia because this is the district where compliance with the subpoena is required, and no exceptional circumstances exist.

## ARGUMENT

**I.    This District Does Not Authorize the Scope or Length of the Objector Deposition Sought by Class Counsel.**

Importantly, Judge May in the underlying litigation did not permit a free-for-all on depositions of class members as class counsel would have it. He specifically instructed that "[t]he Parties will have the right to depose any objector to assess whether the objector has standing."[10] By specifically identifying this as the only subject matter for depositions of objectors, the Court necessarily prohibited the extraneous, irrelevant, and even abusive line of questioning which class counsel seek here.

It must be remembered that "discovery of absent class members is disfavored. *Kline v. First Western Gov't Sec.*, No. Civ–A–83–1076, 1996 WL 122717 at *1 (E.D. Pa. Mar. 11, 1996) (determining after "survey[ing]" cases that "it is safe to state that discovery of absent class members is disfavored"); *Campbell v. Stores*, LACV1207794JAKSHX, 2014 WL 12591798, at *4 (C.D. Cal. May 12, 2014) (citing *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974)). "If discovery from absent class members is permitted at all, it should

---

[10] Amended Order (1) Conditionally Certifying a Settlement Class, (2) Preliminarily Approving Class Action Settlement, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing, 1:15-cv-01156, ECF Doc. 47 (Sept. 7, 2016).

be sharply limited and allowed only on strong showing of justification." 8 Charles A. Wright, et al., *Federal Practice and Procedure* § 2171 (2d ed. 1994); *see also Campbell v. Pricewaterhouse Coopers, LLP*, CIV S06-2376 LKK/GGH, 2009 WL 530308, at *1 (E.D. Cal. Mar. 3, 2009) ("courts have held that such discovery must be limited").

Class counsel rely on a district court order from outside this Circuit in support of their claim that they are entitled to delve into Ms. Yde's relationship with her attorney and Mr. Bandas's past representation of class members.[11] Critically, however, they fail to address authority in this Circuit and in this District which specifically limit objector depositions.

As noted in the motion to quash, Judge Ellington of this District recently considered a similar request for a four-hour deposition of a class member represented by Mr. Bandas.[12] Judge Ellington limited the deposition to forty-five minutes, stating, "I was appalled when I heard that you are going to take four hours to question this woman about . . . the fact that she is objecting to the fairness of millions of dollars of attorneys' fees which may go to plaintiffs' counsel." *In re Reebok Easytone Litigation*, 2:12-mc-00002, Transcript from Hearing on Motion to Quash, ECF Doc. 2 (S.D. Tex. Jan. 7, 2012).

More recently, Judge Ramos of this District rejected the type of harassing questioning which class counsel suggest is appropriate here. *See Edward Schwartz v. Avis Budget Group, Inc.*, Transcript of Motion Hearing, 2:16-MC-0519, ECF Doc. 9 (May 18, 2016).[13] Judge Ramos specifically questioned class counsel in that case, "how is that relevant to determine if [the

---

[11] *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 533 (N.D. Cal. 2012).

[12] Motion to Quash, ECF Doc. 1, at 7–8 & Ex. 6.

[13] Attached hereto as Exhibit 1.

objector] has standing, if he has a basis for the objection?" *Id.* at 10; *see also Blackie v. Barrack,* 524 F .2d 891, 906, n.22 (9th Cir. 1975), *cert. denied,* 429 U.S. 816 (1976) (parties do "not have unlimited rights to discovery against unnamed class members; the suit remains a representative one . . . .  The district court judge may reasonably control discovery to keep the suit within manageable bounds, and to prevent fruitless fishing expeditions with little promise of success."); *Moreno v. Autozone, Inc.,* 2007 WL 2288165, *1 (N.D. Cal. Aug. 3, 2007) (discovery will sometimes be permitted by the Court where "the proponent of the deposition *demonstrates discovery is not sought to take undue advantage of class members or to harass class members,* and is necessary to the trial preparation" (emphasis added)).

As a compromise in response to class counsel's demand for a four hour, unlimited-in-scope deposition, Ms. Yde offered to sit for a one hour deposition and give testimony on (1) standing and (2) the merits of her objections, even though Judge May's order authorizes questioning on standing only.  Yet, class counsel insist on discovery of "the nature of her relationship with Mr. Bandas, her understanding of his history and practice, any promise he made to her with respect to her objecting, and her awareness of her individual tax consequences for sums Mr. Bandas might receive."[14]  These topics have no relevance and are sought purely for harassment.

---

[14] Response to Motion to Quash, at 5-6.

## II.    This Court Should Not Transfer the Motion.

Ostensibly recognizing that the law in this District does not afford unfettered deposition questioning of objecting class members, class counsel ask this Court to transfer the motion to Judge May for her determination.  The Court should not do so.

Rule 45 requires an attorney serving a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena" and notes that "[t]he court for the district where compliance is required must enforce this duty."  FED. R. CIV. P. 45(d)(1).   Rule 45 obligates the court in the district where compliance is required, here the Southern District of Texas,[15] to quash depositions.  FED. R. CIV. P. 45(d)(3).

Importantly, Rule 45(f) only allows transfer of a subpoena-related motion "if the person subject to the subpoena consents or if the court finds ***exceptional circumstances***." FED. R. CIV. P. 45(f) (emphasis added).  No exceptional circumstances are present and class counsel advance none.   It is the duty of this Court to limit class counsels' impermissible discovery on Ms. Yde.

## III.    Ms Yde's Objection is Meritorious and Class Counsel Give this Court No Reason, Apart from Misleading *Ad Hominem* Attacks, to Conclude Otherwise.

Class counsels' pretext for conducting a harassing deposition of Ms. Yde is their belief that she has filed a frivolous objection based on the fact that her attorney has previously represented other objecting class members.  They fail to identify, *in any respect,* how they believe Ms. Yde's objection is frivolous or lacks merit.

---

[15] *See* Subpoena, Exhibit 2 to Motion to Quash.

This is **not** a "stock objection" or a "serial objection" as class counsel maintain.  Ms. Yde's twenty-page objection carefully identifies why class counsels' fee request is excessive and in conflict with the best interests of the class.  She corrects class counsels' false representation that the benchmark for attorneys' fees in the Eleventh Circuit is something other than 25%.[16]  She notes that recovery in TCPA class action settlements is generally even lower than 25%.[17]  She distinguishes no fewer than nine TCPA settlements cited by class counsel to support their position that they are entitled to 30% of the settlement's gross fund.[18]  She breaks down the amount of damages that will actually go to the class under the settlement and quantifies how it is only a miniscule fraction of the amount of damages released.[19]  Tellingly, as with class counsels' response here, none of class counsels' papers responding to Ms. Yde's objection in the Northern District of Georgia make any claim that her objection is substantively frivolous.[20]  It is not.

### IV.   Class Counsels' Character Assassinations, Premised on False Assertions to this Court, are Not a Basis for Allowing Unfettered Discovery.

Class counsels' *ad hominem* attacks are not simply a substitute for analysis, but a deliberate effort to scare off a legitimate objection to their requested $4.9 million in attorneys' fees and costs.  What makes the character assassination particularly reprehensible in this case is its reliance on outright factual misrepresentations.

---

[16] *See* Objection of Wanda Yde, Exhibit 1 to Motion to Quash, at 5–6.

[17] *See id.* at 7–8.

[18] *See id.* at 9–10.

[19] *See id.* at 2–3, 11–12

[20] *See* 1:15-cv-01156, ECF Doc. 59-2; at 9–20; ECF Doc. 61, *passim*.

Mr. Bandas does not have a "track record" of filing objections that do not reflect the views of his client, as class counsel falsely state.[21] The one case cited by class counsel for this supposed "track record," *Chambers v. Whirlpool Corp.*,[22] involved a deposition by a lay witness who gave wavering testimony during an aggressive deposition on the intricacies of class action law by class counsel. Class counsel seek a similarly aggressive deposition here for the same reason.

Although the objector in that case gave arguably contradictory testimony, it was due to class counsels' ability to confuse a lay person on questions relating to the propriety of their lodestar and other details of class action law.[23] The objector did not, as class counsel falsely state, "disclaim" her objection.[24] In fact, towards the end of deposition, she reaffirmed it.[25] After the deposition, she explained that she was nervous and intimidated by counsel, and confirmed that she stood by her objection.[26] Of note, the objector has appealed from the *Chambers* opinion, and it is currently the subject of a pending motion for summary reversal before the Ninth Circuit (9th Cir. 16-56666, Dkt. Entries 7–10).[27]

---

[21] Plaintiffs' Opposition to Wanda Yde's Motion to Quash and for Protective Order, at 3.

[22] CV111733FMOJCGX, 2016 WL 5922456, at *8 (C.D. Cal. Oct. 11, 2016), *judgment entered*, SACV111733FMOMLGX, 2016 WL 5921765 (C.D. Cal. Oct. 11, 2016).

[23] Exhibit 4 to Motion to Quash, Deposition of Christine Knott, at 73–82.

[24] Response to Motion to Quash, at 8. Class counsels' argument that she had no issue with the fees awarded to class counsel is belied by her testimony that in her opinion, "the attorneys' fees were quite high" and her concern that "I'm not receiving much benefit out of [the settlement]. It seems like the attorneys are." Exhibit 4 to Motion to Quash, Deposition of Christine Knott, at 50–51.

[25] Exhibit 4 to Motion to Quash, Deposition of Christine Knott, at 207–08.

[26] *Chambers v. Whirlpool*, 8:11-cv-01733, ECF Doc. 382, Exhibit 1. (C.D. Cal., Dec. 22, 2016).

[27] Class counsel also reference a case from the Southern District of New York, and attach the transcript from a July, 2016 hearing during which a judge asked Mr. Bandas some difficult questions. Response to Motion to Quash, at 9 and Hutchinson Decl. Ex. Z, at 4. It should be noted that after Mr. Bandas appeared at the hearing and answered the judge's pointed questions, and the Court took no action. Of course, class counsel

Mr. Bandas was also not "reprimanded" for filing an objection without speaking to his client in *Chambers*. While the court noted that he did not speak with the client before the objection was filed, the client conferred with Mr. Bandas's paralegal in detail ahead of the objection.[28] This does not somehow render the objection improper nor does it invite discovery here. Class counsels' claim that "Mr. Bandas files objections without the knowledge or informed consent of his clients" is thus utterly false and supported by no facts.

Setting these falsehoods aside, it should be recalled that Ms. Yde, as an objecting class member, plays a judicially recognized valuable role in the class action process. *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.); *UFCW Loc. 880-Retail Food Employers Jt. Pension Fund v. Newmont Min. Corp.*, 352 Fed. Appx. 232, 236 (10th Cir. 2009) (objectors can also "add value to the class-action settlement process by . . . preventing collusion between lead plaintiff and defendants"). Class counsels' efforts to silence her objection through scare tactics and impermissible discovery are not appropriate. *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.) (because objectors may pose a risk to class counsels' fees, "class action lawyers may try to fend off interlopers who oppose a proposed settlement as insufficiently generous to the class[.]" These tactics should be curtailed—objectors "prevent[] cozy deals that favor class lawyers and defendants at the expense of class members. . . .").

---

omits that important fact. Class counsel also reference a patently frivolous RICO suit filed against him, which is the latest and most inappropriate tactic to silence a meritorious objection. *See Edelson PC v. The Bandas Law Firm PC*, No. 1:16-cv-11075, Dkt. No. 1 (N.D. Ill.). The lawsuit is soon to be the subject of a 12b motion to dismiss. Here again, class counsel focuses on attacks, not actual outcomes.

[28] *See* Exhibit 4 to Motion to Quash, Deposition of Christine Knott, at 33–34.

Of course, Mr. Bandas' prior representation of objecting class members "has no greater bearing on the merits of the objection raised than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010) (emphasis added). "Merely characterizing some of the attorneys as 'professional objectors' without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010).

Class counsel seek to minimize Mr. Bandas's contributions in assisting clients' overturning of unfair settlements and excessive fees, claiming he was not primary counsel in several cases. The fact that Mr. Bandas collaborated with attorneys in representing class members does not somehow limit his contribution to their successes. The fact remains that numerous clients represented by Mr. Bandas have succeeded in overturning unfair settlements. *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is reversed and the case remanded for further proceedings");[29] *In*

---

[29] In *Eubank, et al. v. Pellas Corp., etc.*, 753 F.3d. 718 (7th Cir. 2014), Mr. Bandas represented absent class member Michael J. Schulz in an objection to a proposed class action settlement and subsequent appeal. Class Counsel in that case, like this case, made personal attacks against Mr. Bandas as a "professional objector." Mr. Schulz's objection was overruled by the trial court and Mr. Schulz appealed that final judgment. Mr. Schulz successfully appealed that case and the settlement was overturned by the 7th Circuit. Judge Posner wrote:

> Enter the objectors. Members of the class who smell a rat can object to approval of the settlement.
> * * * *

re Baby Products Antitrust Litig., 708 F.3d 163, 181-82 (3d Cir. 2013) ("We vacate the District Court's orders approving settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs because this award was based on the now-vacated settlement"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings"); *Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014) (in a case in which Mr. Bandas represented the objector in the lower court, the "the order granting final approval of the settlement must be reversed").

Most recently in June, 2016, Mr. Bandas assisted a *pro se* client in reducing Class Counsels' attorneys' fees by $1.2 million, which resulted in a direct benefit to the class in *JPMorgan Chase Bank*, No. SA-14-CA-00912-FB, Docs. 85, 93, 94 (W.D. Tex. June 20, 2016).[30]   As in this case, the objection expressly disclosed Mr. Bandas's assistance in preparing the objection.[31]

---

> The case underscores the importance both of objectors (for they are the appellants in this case—without them there would have been no appellate challenge to the settlement) and of intense judicial scrutiny of proposed class action settlements.

*Pella*, at 720–21.

[30] Lawyers who represent objectors counsel are commonly recognized where their efforts have augmented the common fund or otherwise improved a class action settlement. *See*, U, *Bowling v. Pfizer, Inc.*, 922 F.Supp. 1261, 1285 (S.D. Ohio), *aff'd*, 102 F.3d 777 (6th Cir. 1996); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 257,359-60 (N.D.Ga. 1993). Indeed, even in cases where objectors appeared but the settlement terms were not altered, courts have recognized their value in that their presence improved the process and assisted the court in its scrutiny of the settlement. *See County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1325-27 (2d Cir. 1990); *Howes v. Atkins*, 668 F.Supp. 1021, 1027 (E.D.Ky. 1987); *Frankenstein v. McCrory Corp.*, 425 F.Supp. 762, 767 (S.D.N.Y. 1977); *see also Domestic Air*, 148 F.R.D. at 359. And the Committee Notes to Rule 23(h) expressly states the benefit that objectors may bring to a case:

> In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before

13

## V.  Mr. Bandas did Not "Ghostwrite" Ms. Yde's Objection and His Assistance to a *Pro Se* Objector was Proper.

Class counsel liberally uses the term "ghostwriting" to attack Mr. Bandas, but fail to explain what that term actually means.  Class counsels' attacks demonstrate a fundamental misunderstanding of the term "ghostwriting" and the concept of unbundling of legal services.  There was nothing improper or unethical about providing counsel and assistance to Ms. Yde, who was acting *pro se* at the time she filed her objection.

The objection was not "ghostwritten."  Mr. Bandas's assistance was expressly disclosed.  *See In re Ellingson*, 230 B.R. 426, 435 n.12 (Bankr. D. Mont. 1999) (defining ghostwriting as the "act of an ***undisclosed*** attorney who assists a self-represented litigant by drafting his or her pleadings as part of 'unbundled' or limited legal services") (emphasis added).  The objection clearly provided:

> Objector is represented by and has sought legal advice and assistance in this matter from Christopher Bandas, with the Bandas Law Firm, P.C., Corpus Christi, Texas (www.bandaslawfirm.com), and this document was prepared with the assistance of counsel.  No special favor or treatment is requested due to the fact that any document is submitted as pro se.[32]

Moreover, the American Bar Association (ABA) specifically authorizes this sort of assistance to *pro se* litigants in an opinion discussing the unbundling of legal services and the

---

certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist.

2003 Committee Note, Rule 23(h).

[31] *See Duncan v. JP Morgan Chase Bank, N.A.*, 5:14-cv-00912, ECF Doc. 36, at 2-3 (S. D. Tex.).

[32] Objection of Wanda Yde, Exhibit 1 to Motion to Quash, at 4.

14

ability of an attorney to provide limited representation of a client.[33] "Lawyers generally are permitted to limit the scope of their representation of a client pursuant to Rule 1.2(c)."[34] One of the "unbundled" services that is permitted by the ABA is an attorney writing a document on behalf of a client, even without disclosing assistance to the court, so long as there is no affirmative representation that the document was prepared without legal assistance.[35] The ABA rejects "the contention that a lawyer who does not appear in the action circumvents court rules requiring the assumption of responsibility for their pleadings. Such rules apply only if a lawyer signs the pleading and thereby makes an affirmative statement to the tribunal concerning the matter."[36]

Consistent with the ABA, the Georgia Rules of Professional Conduct also permit this type of limited scope representation.[37] As with the ABA, Georgia allows the provision of legal assistance without requiring an attorney to disclose the nature and extent of such assistance to the court. Paula Frederick, *The Ethics of Ghostwriting Pleadings*, 13 Ga. B. J. 46 (2007).[38]

---

[33] ABA Standing Committee on Ethics and Professional Responsibility, Formal Opinion 07-446 (May 5, 2007). (http://www.americanbar.org/content/dam/aba/migrated/media/youraba/200707/07_446_2007.authcheck dam.pdf)

[34] *Id.* at 1, n. 2.

[35] *Id.* at 3–4.

[36] *Id.*

[37] "A lawyer may limit the scope and objectives of the representation if the limitation is reasonable under the circumstances and the client gives informed consent."

[38] Similarly, an Arizona ethics opinion concludes "that the submission of ghostwritten documents without informing the court or tribunal does not violate [Rule] 3.3 . . . because the practice is not inherently misleading to the court or tribunal . . . . We do not believe that the omission of an attorney's name from a filed document is a false statement of fact or law that either is made or needs to be corrected." State Bar of Ariz. Comm. on the Rules of Prof'l Conduct, Op. 05-06 (2005).

Thus, class counsels' contention that "[t]here exists no legitimate reason for a lawyer to avoid appearing before a court to represent his client" is false and uninformed. By disclosing his assistance in preparing Ms. Yde's objection, Mr. Bandas went beyond the ABA requirements in ensuring compliance with his ethical obligations.

To be sure, Ms. Yde disclosed that she was assisted by Mr. Bandas and that assistance is expressly authorized by ABA Opinion 07-446 and relevant case law. This is not "ghostwriting."

## CONCLUSION

This Court should not allow class counsels' use of discovery as a witch hunt of Ms. Yde's attorney. The deposition and discovery should be limited in accordance with authority in this District. Further, this Court should not transfer this subpoena motion beyond this District, where there are no exceptional circumstances.

WHEREFORE, PREMISES CONSIDERED, Objector Wanda Yde finds nothing in Class counsels' brief in opposition that diminishes her right to relief in any respect, and reiterates her prayer stated therein.

16

DATED:  January 2, 2017                    Respectfully submitted,


                                      ___/s/ John Swallow /s/___
                                      VAN HUSEMAN
                                      State Bar No. 1032350
                                      Federal ID No. 1167
                                      vhuseman@husemanstewart.com

                                      ERIC STEWART
                                      State Bar No. 24058133
                                      Federal ID No. 776675
                                      estewart@husemanstewart.com

                                      JOHN SWALLOW
                                      State Bar No. 24085611
                                      Federal ID No. 2050611
                                      jswallow@husemanstewart.com

                                      **HUSEMAN & STEWART**
                                      615 N. Upper Broadway, Suite 2000
                                      Corpus Christi, Texas 78401-0781
                                      (361) 883-3563; (361) 883-0210 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned certifies that today he filed the foregoing reply brief on ECF which will send electronic notification to all attorneys registered for ECF-filing.   Attorneys for respondent were additionally served via email.

DATED:  January 2, 2017

_/s/  John Swallow  /s/_
**JOHN SWALLOW**
